**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

**Mira Chernick**
Assistant U.S. Attorney
Mira.Chernick@usdoj.gov
(503) 727-1000
*Reply to Portland Office*

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott E. Bradford
United States Attorney

July 10, 2026

Chandra Peterson
Office of the Public Defender
101 SW Main St #1700
Portland, OR 97204

> Re:   *United States v. Thomas Goatley*, Case No. 3:24-cr-00292-SI
>       Plea Agreement Letter

Dear Counsel:

1.     **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.     **Charges**:  Defendant agrees to waive indictment and plead guilty to Count 1 of the Superseding Information, which charges Distribution of Child Pornography in violation of Title 18, United States Code, Section 2252A(a)(2), and Counts 2 through 5 of the Superseding Information, which charge Obscene or Harassing Telephone Calls in Interstate Communications in violation of Title 47, United States Code, Section 223.

3.     **Penalties**:  The maximum sentence for Count 1 is 20 years' imprisonment, a mandatory minimum sentence of 5 years' imprisonment, a fine of $250,000, a term of supervised release of 5 years up to life, and a $100 fee assessment.  The maximum sentence for Counts 2 through 5 is two years' imprisonment, a fine of $250,000, a one-year term of supervised release, and a $100 fee assessment per count.  Defendant agrees to pay the fee assessment on the day of sentencing or explain to the Court why this cannot be done.  Defendant further stipulates to the forfeiture of the assets as set forth below.  Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances.

**Notice of Immigration Consequences:** Defendant understands that pleading guilty to the charges in this plea agreement may have immigration consequences if defendant is not a

Chandra Peterson
Re: Goatley Plea Agreement Letter
Page 2
July 10, 2026

United States citizen, including removal from the United States, denial citizenship, and denial of admission to the United States in the future. Furthermore, if any crime of conviction is an aggravated felony as defined in 8 U.S.C. § 1101(a)(43), such conviction makes it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States. **Defendant acknowledges and agrees that defendant's attorney has explained this and that defendant still wants to plead guilty.**

**Sex Offender Registration:** Defendant understands that under the federal Sex Offender Registration and Notification Act, he must register as a sex offender and keep the registration current in any state or tribal territory in which he resides, is employed, or is a student. Defendant understands that he must update his registration not later than three business days following any change of name, residence, employment, or student status. Even if no such changes occur, defendant must periodically appear in person at a sex offender registration facility to be photographed and verify his information in the registry. How frequently defendant must appear in person depends on the severity of the offense that made defendant a sex offender, and could be as frequently as every three months. See 34 U.S.C. § 20918. Defendant must also notify the local sex offender registry of any plans to travel internationally prior to any such travel. Defendant understands that failure to comply with these obligations may subject him to prosecution under federal and/or state law for failing to register or update his registration as a sex offender, or failing to provide notice of international travel as required.

4.    **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.    **Elements and Factual Basis**:   In order for defendant to be found guilty of Count One of the Superseding Information, the government must prove the following elements beyond a reasonable doubt:

First, on or about the date alleged in Count One, in the District of Oregon, defendant knowingly distributed one or more visual depictions;

Second, defendant knew the visual depictions were child pornography;

Third, the visual depictions were distributed using any means or facility of interstate or foreign commerce.

Chandra Peterson
Re: Goatley Plea Agreement Letter
Page 3
July 10, 2026

In order for defendant to be found guilty of Counts Two through Five of the Superseding Information, the government must prove the following elements beyond a reasonable doubt:

First, on or about the dates alleged in Counts Two through Five, defendant made interstate telephone calls to the victim;

Second, defendant did not disclose his identity in the telephone calls; and

Third, in the telephone calls, the defendant intended to annoy, abuse, threaten, or harass the victim or any person at the called number.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crime to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea. The following facts are true and undisputed:

From at least September 8, 2023 until April 14, 2024, while in the District of Oregon, defendant used the social media applications Instagram, Facebook, Discord, and X (formerly Twitter), to view, receive, and distribute child pornography. Specifically, on September 8, 2023, defendant used Instagram to distribute two videos depicting prepubescent children, one of whom appeared to be as young as seven years old, performing oral sex on adult men. On November 12, 2023, defendant used X to distribute a video of a prepubescent child penetrating an infant with her finger.

Defendant also made numerous anonymous harassing phone calls to schools, police departments, emergency lines, and animal shelters across the country, as well as ten calls to the National Center for Missing and Exploited Children. In these calls, defendant claimed to be in the process of sexually assaulting a female child, sometimes purported to be his daughter or sister. Defendant would describe his sexual abuse of the fictitious child in detail and seemed to be masturbating during at least some of the calls. Specifically:

On March 8, 2024, defendant repeatedly called an elementary school in Helena, Montana, and claimed to be receiving oral sex from one of their students, which he described in explicit detail.

Also on March 8, 2024, defendant called an elementary school in New Castle, Wyoming, and claimed to be sexually abusing a blonde student whom he had abducted from the school. In response, all New Castle schools were placed on lockdown, and multiple law enforcement agencies were involved in attempting to locate the caller.

Chandra Peterson
Re: Goatley Plea Agreement Letter
Page 4
July 10, 2026

On April 18, 2024, defendant called the police department for Dearborn, Michigan and claimed to be watching child pornography while receiving oral sex from his twelve-year-old daughter. He stated that he was in a specific room at a specific hotel in Dearborn. Officers responded to the hotel and learned that the room defendant described did not exist.

Between February 17, 2024, and April 8, 2024, defendant made ten calls to the National Center for Missing and Exploited Children in Virginia. In all of the calls, defendant claimed to be sexually abusing either his daughter(s) or his sister. In many of the calls, he provided false identification information for himself. Defendant seemed to be masturbating on many of the calls.

Defendant was arrested on July 22, 2024, and law enforcement searched his devices. At the time of his arrest, defendant possessed about 50 images and 40 videos depicting the sexual abuse of children by adults.

6. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7. **Relevant Conduct**: The parties agree that defendant's relevant conduct, as defined in U.S.S.G. § 1B1.3, includes all the unlawful conduct alleged in the Superseding Information. The parties agree that the following guideline calculations presently apply:

a. Pursuant to USSG §2G2.2, the base offense level is 22;

b. Pursuant to USSG §2G2.2(b)(2), defendant's offense level is increased by 2 levels because the material involved a prepubescent minor;

c. Pursuant to USSG §2G2.2(b)(3)(F), defendant's offense level is increased by 2 levels because defendant engaged in knowing distribution;

d. Pursuant to USSG §2G2.2(b)(4), defendant's offense level is increased by 4 levels because the offense involved material that portrays sadistic conduct;

e. Pursuant to USSG §2G2.2(b)(6), defendant's offense level is increased by 2 levels because the offense involved the use of a computer;

f. Pursuant to USSG §2G2.2(b)(7)(D), defendant's offense level is increased by 5 levels because the offense involved 600 or more images.

Chandra Peterson
Re: Goatley Plea Agreement Letter
Page 5
July 10, 2026

g.   The parties agree that following an adjustment for acceptance of responsibility, defendant's total offense level is 34.

8.   **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case.  If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level.  The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, fails to timely complete a Financial Disclosure Statement as outlined in this agreement, if applicable, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9.   **Sentencing Recommendation**: The USAO and defendant will jointly recommend a sentence of 87 months.

10.   **Additional Adjustments or Variances**:  The USAO agrees not to seek any upward adjustments or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement.  Defendant agrees not to seek any downward adjustments or variances to the advisory sentencing guideline range under the sentencing guidelines provisions, or under 18 U.S.C. § 3553, or to seek a sentence below that range, except as specified in this agreement.

11.   **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that the sentence imposed exceeds the statutory maximum. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided 18 U.S.C. § 3582(c)(2). In the event that defendant's conviction(s) or sentence under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

12.   **Court Not Bound**:  The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer.  Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

13.   **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case.  Except as set forth in this agreement,

Chandra Peterson
Re: Goatley Plea Agreement Letter
Page 6
July 10, 2026


the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14.    **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, commits any new criminal offenses, absconds or fails to appear for any hearing, or fails to report as directed by a supervising officer between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court prior to sentencing, or defendant must raise an immediate objection if the claim arises out of conduct at the sentencing hearing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

15.    **Restitution**: Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the USAO to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the USAO to access records to verify the financial information. Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

**Transfer of Assets**
Defendant agrees to notify the Financial Litigation Unit of the USAO before defendant transfers any interest in property with a value exceeding $1000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

**Restitution**
The Court shall order restitution to each victim in the full amount of each victim's losses as determined by the Court. Defendant agrees to pay restitution for all losses caused by defendant's conduct, regardless of whether counts dealing with such losses will be dismissed as

Chandra Peterson
Re: Goatley Plea Agreement Letter
Page 7
July 10, 2026

part of this plea agreement. **Defendant specifically agrees to pay $1,000 in restitution to the National Center for Missing and Exploited Children (NCMEC)**, and understands that the Court may order additional restitution to NCMEC and/or other victims at sentencing or within ninety days of the sentencing hearing.

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the USAO of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

16.    **Forfeiture Terms**:

A.    **Assets and Authority**: By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 18 U.S.C. § 2253, which defendant admits were used to facilitate defendant's criminal activity in violation of 18 U.S.C. §2252A as set forth in Count 1 of the Superseding Information, including a BLU G63 128GB black Tracphone; Samsung Galaxy A54 cell phone in gold case; blue Motorola cell phone; Hewlett Packard laptop with power cord, Serial No. 5CD219BBND; AMD Ryzen 5000 series CPU gaming computer (custom build); Sony Play Station 4, black with cord and controller; Sony Play Station 5, model CFI-1215A, white with power cord and controller, Serial No. G32801VNA10496390; Toshiba external hard drive, teal; SanDisk (black/red) thumb drive; GH (black/blue) thumb drive; and San Disk (green/white) thumb drive.

B.    **Agreement to Civil Forfeiture**: Defendant agrees not to file a claim or withdraw any claim already filed to any of the listed property in any civil proceeding, administrative or judicial, which has been or may be initiated. Defendant further waives the right to notice of any

Chandra Peterson
Re: Goatley Plea Agreement Letter
Page 8
July 10, 2026

forfeiture proceeding involving this property and agrees not to assist others in filing a claim in any forfeiture proceeding.

C.     **No Alteration or Satisfaction**: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

D.     **Title Assistance**: Defendant agrees to fully assist the USAO in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer defendant's interest in any of the above property to the United States, and assist in bringing any assets located outside the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

E.     **Assets Not Identified**: The USAO reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions which are being resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible, are subject to forfeiture.

F.     **Final Order of Forfeiture**: Defendant agrees not to contest entry of a Final Order of Forfeiture reflecting these forfeiture terms at the conclusion of the criminal case.

17.     **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

18.     **Deadline**: This plea offer expires if not accepted by July 28, 2026, at 5 p.m.

Sincerely,

SCOTT E. BRADFORD
United States Attorney

*/s/ Mira Chernick*
MIRA CHERNICK
Assistant United States Attorney

Chandra Peterson
Re: Goatley Plea Agreement Letter
Page 9
July 10, 2026

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

7/23/26
Date

THOMAS GOATLEY
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

7/23/26
Date

CHANDRA PETERSON  Michelle Sweet
Attorney for Defendant

I fully and accurately translated this agreement to the above-named defendant as the interpreter in this case. I fully and accurately interpreted discussions between the defendant and the attorney.

_____
Date

_____
Interpreter (if necessary)