SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**MIRA CHERNICK, MASB #696845**
Assistant United States Attorney
Mira.Chernick@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:24-cr-00292-SI** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **THOMAS GOATLEY,** | |
| **Defendant.** | |

**Introduction**

Defendant Thomas Goatley made harassing calls to schools, police departments, animal shelters and the National Center for Missing and Exploited Children (NCMEC) across several states. Goatley also received and distributed child sexual abuse material (CSAM), including images of prepubescent children. Pursuant to the plea agreement, the parties jointly recommend a sentence of 87 months, followed by a five-year term of supervised release.

**Factual Background**

**A. The Offense Conduct**

From at least September 2023, and as late as April 2024, defendant used Instagram, Facebook, Discord, and X (formerly Twitter), to view, receive, and distribute child pornography,

including images of prepubescent children. When defendant was arrested in July 2024, he possessed roughly 50 images and 40 videos depicting child sex abuse material.

In 2024 defendant also made numerous anonymous harassing phone calls to schools, police departments, emergency lines, and animal shelters across the country, as well as ten calls to the National Center for Missing and Exploited Children. In these calls, defendant claimed to be in the process of sexually assaulting a female child, sometimes purported to be his daughter or sister. Defendant would describe his sexual abuse of the fictitious child in detail.

He repeatedly called an elementary school in Helena, Montana, and claimed to be receiving oral sex from one of their students, which he described in explicit detail. Defendant called an elementary school in New Castle, Wyoming, and claimed to be sexually abusing a blonde student whom he had abducted from the school. In response, all New Castle schools were placed on lockdown, and multiple law enforcement agencies were involved in attempting to locate the caller.

Defendant called the police department for Dearborn, Michigan and claimed to be watching child pornography while receiving oral sex from his twelve-year-old daughter. He stated that he was in a specific room at a specific hotel in Dearborn. Officers responded to the hotel and learned that the room defendant described did not exist.

Between February 17, 2024, and April 8, 2024, defendant made ten calls to the National Center for Missing and Exploited Children in Virginia. In all of the calls, defendant claimed to be sexually abusing either his daughter or his sister. In many of the calls, he provided false identification information for himself.

/ / /

/ / /

**B. The Charges and Guideline Computations**

On August 12, 2026, defendant waived indictment and pled guilty to a five-count information charging a single count of distributing child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1), and four counts of obscene or harassing telephone calls in violation of 47 U.S.C. § 223(a)(1). The government agrees with the guidelines as calculated in the Presentence Report (PSR).

**Government's Recommended Sentence**

Defendant is relatively young and has a Criminal History Category of I. However, his conduct re-victimized already vulnerable minors and caused small communities to expend resources chasing down his fraudulent claims. Pursuant to 18 U.S.C. § 3553(a) and taking the personal characteristics of the defendant into consideration, the government is recommending a sentence of 87 months followed by a five-year term of supervised release. This jointly recommended sentence is sufficient to hold defendant accountable for his actions and deter more of the same going forward. The government supports the mandatory, standard and special conditions recommended by the U.S. Probation Office.

**Victim Impact, Restitution and Forfeiture**

The government has not received any individual victim impact statements or requests for restitution. Should the government receive any statements or requests, they will be provided to the Court, defense counsel, and U.S. Probation. The parties have agreed that defendant will make a $1,000 payment to NCMEC.

The government intends to file a motion for entry of a preliminary order of forfeiture and final order of forfeiture as to defendant for the digital devices referenced in bill of particulars (ECF 17).

**Conclusion**

Based on the foregoing, the government recommends that this Court a sentence of 87 months, followed by a five-year term of supervised release, a $1000 payment to NCMEC, $100 special fee assessment, and forfeiture of his devices listed in the bill of particulars.

Dated: November 4, 2026,

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*/s/ Mira Chernick*

**MIRA CHERNICK, MASB #696845**
Assistant United States Attorney